FILED

Shimira Zillallah Nicole Greene

11875 Bellehaven

Victorville, CA 92392

Telephone: 301-456-4037

Email: SNGREENE07@AOL.COM

Plaintiff, Pro Se

2026 JUN -5 PM 12: 48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIMIRA NICOLE GREENE, an individual, | ) Case No. EDCV26-3101-JGB-ACCVx |
| | ) COMPLAINT FOR DAMAGES |
| | ) (1) Race Discrimination - Title VII |
| Plaintiff, | ) (2) Sex Discrimination - Title VII |
| | ) (3) Sexual Orientation Discrimination |
| v. | )    Title VII / Bostock |
| | ) (4) Hostile Work Environment |
| UNIVERSITY OF | ) (5) Retaliation - Title VII |
| SOUTHERN CALIFORNIA, | ) (6) Disability Discrimination - ADA |
| a California nonprofit corporation | ) (7) Failure to Accommodate - ADA |
| Defendant. | ) (8) Retaliation - ADA |
| | ) JURY TRIAL DEMANDED |
| _____ | ) |

**COMPLAINT**

Plaintiff Shimira Zillallah Nicole Greene, appearing pro se, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant is located in this district and the events giving rise to this action occurred in Los Angeles County, California.

3. Plaintiff has exhausted her administrative remedies. Plaintiff filed Charge of Discrimination No. 832-2025-00403 with the EEOC. The EEOC issued a Notice of Right to Sue on March 9, 2026. This Complaint is filed within 90 days of receipt.

**PARTIES**

4. Plaintiff Shimira Nicole Greene is an individual residing in Victorville, California. At all relevant times, Plaintiff was employed by Defendant as a Network Engineer - WiFi in Defendant's Information Technology Services Department.

2

5. Defendant University of Southern California ("USC") is a private nonprofit corporation organized under California law, with its principal place of business at 3720 S. Flower Street, Los Angeles, California 90089. USC employs more than 500 employees and is subject to Title VII and the ADA.

FACTUAL ALLEGATIONS

6. Plaintiff was hired by USC on April 24, 2023, as a Network Engineer - WiFi. Plaintiff was a qualified network engineer with the skills and certifications required for her role.

7. At all relevant times, Plaintiff was the only Black employee, the only woman, and the only openly LGBTQ employee on her immediate WiFi Team. Every other team member was male.

8. Beginning from the start of her employment, Senior Wireless Network Engineer Lasantha Perera subjected Plaintiff to a sustained pattern of demeaning, belittling, and professionally undermining conduct in the team's shared communication channels, in team meetings, and during work interactions, making the humiliation public and visible to all team members.

9. Perera's conduct included but was not limited to: directing Plaintiff to "read up on the basic stuff"; stating "I can't help you"; publicly questioning Plaintiff's professional competence and credentials; and in November 2024, publicly blaming

3

Plaintiff in the team channel for a production incident despite the fact that Perera's own prior instructions had been ambiguous and conflicting.

10. This conduct was directed at Plaintiff as the only Black, female, and LGBTQ member of the team. Male and non-Black colleagues were not subjected to comparable treatment when they made mistakes or required assistance.

11. Perera also made politically charged and exclusionary remarks in a private group communication including team members, contributing to a hostile environment.

12. Plaintiff was denied access to the Ekahau software tool necessary for wireless engineering work while male colleagues had access to the tool.

13. Plaintiff's supervisors were aware of Perera's conduct and encouraged Plaintiff to tolerate the behavior rather than taking corrective action.

14. On November 12, 2024, Plaintiff formally reported the harassment and differential treatment to her supervisor James Duley via written email, subject line "Workplace Harassment and Bullying." USC Human Resources was notified the same day.

15. USC conducted an internal investigation that concluded in December 2024 with no meaningful corrective action. The only remedy was a recommendation for informal coaching of Perera. No formal discipline was issued and no structural changes were made.

16. Following Plaintiff's complaint, Plaintiff experienced a series of adverse employment actions including: removal from the WiFi Team; reassignment to another team; denial of meaningful engineering assignments and tool access; issuance of a formal performance memorandum based substantially on assessments by Perera; and ultimately termination on January 15, 2026.

17. As a direct result of the hostile work environment and retaliation, Plaintiff developed serious physical and psychological conditions including severe anxiety, uncontrolled Stage 2 hypertension (documented from September 2023), obstructive sleep apnea, cognitive impairment, and other stress-related conditions substantially limiting major life activities.

18. Plaintiff's physician placed her on medical disability leave effective August 1, 2025. Plaintiff participated in USC's formal accommodation review process. USC's ADA Compliance office confirmed in writing that no disciplinary action would occur while Plaintiff's accommodation determination remained pending.

19. Despite this written assurance, USC terminated Plaintiff on January 15, 2026, while her accommodation process remained active and before any final determination was made. USC failed to engage in a meaningful interactive process. The termination notice was signed by Roy Yurong, the same HR partner who had overseen the inadequate harassment investigation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Race Discrimination - Title VII, 42 U.S.C. § 2000e-2

20. Plaintiff incorporates all preceding paragraphs by reference.

21. Defendant subjected Plaintiff to different terms and conditions of employment and ultimately terminated her on the basis of her race (Black/African American), in violation of Title VII. Similarly situated non-Black employees were not subjected to comparable treatment.

### SECOND CAUSE OF ACTION

Sex Discrimination - Title VII, 42 U.S.C. § 2000e-2

22. Plaintiff incorporates all preceding paragraphs by reference.

23. Defendant subjected Plaintiff to different terms and conditions of employment and terminated her on the basis of her sex (female), in violation of Title VII. Male colleagues were not subjected to comparable treatment.

### THIRD CAUSE OF ACTION

Sexual Orientation Discrimination - Title VII / Bostock v. Clayton County

24. Plaintiff incorporates all preceding paragraphs by reference.

25. Pursuant to Bostock v. Clayton County, 590 U.S. 644 (2020), discrimination based on sexual orientation constitutes sex discrimination under Title VII. Defendant subjected Plaintiff to a hostile work environment and adverse employment actions connected to her status as a lesbian, in violation of Title VII.

**FOURTH CAUSE OF ACTION**

Hostile Work Environment - Title VII, 42 U.S.C. § 2000e-2

26. Plaintiff incorporates all preceding paragraphs by reference.

27. Defendant subjected Plaintiff to a severe and pervasive hostile work environment based on her race, sex, and sexual orientation. Defendant knew or should have known of the hostile conduct and failed to take prompt and effective remedial action.

**FIFTH CAUSE OF ACTION**

Retaliation - Title VII, 42 U.S.C. § 2000e-3

28. Plaintiff incorporates all preceding paragraphs by reference.

29. Plaintiff engaged in protected activity by formally reporting harassment and differential treatment on November 12, 2024, and by filing an EEOC charge. Defendant retaliated against Plaintiff through adverse employment actions occurring in close temporal proximity to her protected activity, culminating in termination.

## SIXTH CAUSE OF ACTION

Disability Discrimination - ADA, 42 U.S.C. § 12112

30. Plaintiff incorporates all preceding paragraphs by reference.

31. Plaintiff is a qualified individual with a disability. Defendant terminated Plaintiff while her disability accommodation process was active and pending, and in violation of its own written assurance that no disciplinary action would occur during the pending determination. This constitutes unlawful disability discrimination in violation of the ADA.

## SEVENTH CAUSE OF ACTION

Failure to Accommodate - ADA, 42 U.S.C. § 12112(b)(5)

32. Plaintiff incorporates all preceding paragraphs by reference.

33. Plaintiff requested reasonable accommodations including medical leave and workplace modifications. Defendant failed to engage in a good faith interactive process and failed to provide a reasonable accommodation, instead terminating Plaintiff while the accommodation process remained pending.

## EIGHTH CAUSE OF ACTION

Retaliation - ADA, 42 U.S.C. § 12203

34. Plaintiff incorporates all preceding paragraphs by reference.

35. Plaintiff engaged in protected activity under the ADA by requesting medical leave and participating in the accommodation review process. Defendant retaliated against Plaintiff for this protected activity by terminating her employment while her accommodation process remained active.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a.  Award compensatory damages for lost wages, back pay, and front pay;

b.  Award compensatory damages for emotional distress and pain and suffering;

c.  Award punitive damages for Defendant's malicious and oppressive conduct;

d.  Award attorneys' fees and costs pursuant to 42 U.S.C. §§ 2000e-5(k), 12205;

e.  Award pre- and post-judgment interest as permitted by law;

f.  Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 5, 2026        Respectfully submitted,

Shimira Nicole Greene

Plaintiff, Pro Se

9